IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

PRERAC, INC.

Petitioner

v.                                                                    CIVIL NO. 14-1920 (GAG)

UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901

Respondent.

## OPINION AND ORDER

In this action, the petitioner, PRERAC, Inc. seeks to vacate the arbitration award of November 21, 2014, which ordered the reinstatement of a National Alamo Bus Driver, Hector Pabón ("Pabón"), with back pay and benefits. (Docket No. 1.) In its complaint, PRERAC contends that the arbitrator disregarded the applicable law and exceeded his authority by ignoring the clear language of the Collective Bargaining Agreement. (Docket No. 1 at 14, 37.) Specifically, PRERAC argues that because National Alamo was justified in terminating Mr. Pabón's employment, the arbitrator's decision was improper. (Docket No. 1 at 2, 4.)

Presently before the court is the motion of respondent, Union de Tronquistas de Puerto Rico, Local 901 ("the Union") to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 12.) The Union argues that PRERAC improperly asks the Court to consider factual averments that the arbitrator did not deem proven or pertinent and alternative interpretations of the applicable Collective Bargaining Agreement. (Docket No. 12 at 1.) Additionally, the Union argues that PRERAC failed to identify fraud or misconduct on the part of

**Civil No. 14-1622 (GAG)**

the arbitrator. (Docket No. 12 at 1.) The court agrees and **GRANTS** the respondent's motion and **AFFIRMS** the Arbitration Award.

I.  **Relevant Factual and Procedural Background**

PRERAC owns and operates the car rental company National Alamo in Puerto Rico.[1] (Docket No. 1 at 1 n.1.) There is a Collective Bargaining Agreement between National Alamo and the Teamsters Union of Puerto Rico, Local 901. Pursuant to the CBA, employees have a right to seniority within their job classifications. Collective Bargaining Agreement, Article III §§ 1-3. Docket No. 1-1 at 19.[2] PRERAC assumed the terms, conditions and obligations of the CBA when it acquired National Alamo. (Docket No. 1 at 1.)

---

[1] Pabón was an employee of National Alamo, but became an employee of the Enterprise car rental company when it was acquired by National Alamo in December, 2012. (Docket No. 1 ¶ 1.) However, Pabón worked exclusively for National Alamo brands. (Docket No. 1 ¶ 1). PRERAC owns and operates both National Alamo and Enterprise. (Docket No. 1 at 1 n.1.)

[2] The relevant portion of the CBA reads as follows:
> Section 1: The employee's right to seniority within their job classification shall prevail for all purposes except for promotions and that established in section nine (9). The Employer and the Union must resolve controversies regarding Seniority. In signing this Bargaining Agremeent, the Employer shall provide the Union with Seniority. An objection to the Seniority listh shall be made by the Union in writing within thirty (30) days following the moment it recveives said Seniority list. In the event that no objection is presented, the Seniority list shall be considered correct and final as announced.
>
> Section 2: In the event that lay-off due to lack of work are effectuated, the employee with less Seniority in the Company within the affected job classification shall be suspended first. The return to work notice shall be sent to the employee by certified mail to the latest address in his/her personnel file. The employee shall have the obligation to maintain said address up-to-date. The employee shall respond to this notice within three (3) days following its receipt, and shall return to work within five (5) days following receipt of said notice, unless by mutual agreement a determination is otherwise made. In the event that the employee does not comply with the above, he/she shall lose his/her Seniority and employment rights.
>
> Section 3: A vacancy is defined as a job opening that occurs when an employee resigns, is terminated or the company adds an additional employee. Within two weeks of the vacancy, the company shall post the job for bidding by other

**Civil No. 14-1622 (GAG)**

Héctor Pabón, a union bus driver, was responsible for driving a courtesy bus to transport customers between the main terminal at Luis Muñoz Marín International Airport ("LMM") in San Juan, Puerto Rico and the National Alamo car rental facilities. (Docket No. 1 ¶ 7). PRERAC claims that in December of 2013, it eliminated the National Alamo bus driver position at LMM and terminated all of its bus drivers. (Docket No. 1 ¶¶ 4-9, 12.) Pabón declined to sign a separation and release agreement with PRERAC and the Union initiated arbitration proceedings. (Docket No. 1 ¶ 19.) At the hearing, PRERAC argued that the elimination of Pabón's position constitutes dismissal for good cause, while the Union argued that the company failed to prove his termination was justified. (Docket No. 1-1 at 24.)

On November 21, 2014, Arbitrator Jorge L. Torres Plaza issued his Award after conducting a hearing and allowing the parties to submit post-hearing briefs. (Docket No. 1 at 3.) The arbitrator concluded that PRERAC did not establish that it had "just cause" to terminate Pabón's employment. (Docket No. 1-1 at 26-27.) The arbitrator cited the "well known rule" that the employer bears the burden of proving that the dismissal was for good cause, identified the accepted bases for dismissal, and noted that the company failed to demonstrate the existence of one as to Pabón. (Docket No. 1-1 at 26-27.) Additionally, the Arbitrator evaluated the CBA, finding its language clear and unambiguous, and concluded that Pabón's dismissal under the CBA was not justified. (Docket No. 1-1 at 27-30.) The arbitrator ordered Pabón's reinstatement and back pay and benefits owed from the date of his dismissal.

---

members of the bargaining unit. The company may accept or reject any application at its discretion. Vacancies for a period of less than two (2) weeks shall be covered at the discretion of the Company, but shall not be covered by personnel outside the contracting unit, whenever the members of the contracting unit accept working the shift(s) affected.

**Civil No. 14-1622 (GAG)**

Now, in its motion to vacate the arbitration award, PRERAC seeks to justify Pabón's termination by arguing that it eliminated his position as a result of a reorganization of operations at LMM. PRERAC claims that it presented testimony at the hearing that Pabón was terminated because it relocated the National Alamo facilities closer to the main terminal, obviating the need for National Alamo bus drivers to transport customers to the rental facilities. (Docket No. 1 ¶¶ 4-10.) In support of its motion, PRERAC argues the existence of four "reversible errors" in the arbitration award: (1) that it is contrary to the plain language of the CBA, which limits super-seniority privileges to instances of "lay–off for economic reasons and return to work;" (2) that the arbitrator's finding that Pabón was entitled to remain at his classification is "mistakenly based on a crucial assumption that is concededly a non-fact;" (3) the arbitrator manifestly disregarded the law by concluding Pabón's termination lacked good cause; and (4) the arbitrator's Award exceeds that which is permitted by the CBA. (Docket No. 1 at 14.) Essentially, PRERAC claims that the arbitrator misinterpreted and incorrectly applied the CBA and ignored the "unrebutted testimony concerning PRERAC's bona fide operational reorganization . . ." (Docket No. 1 at 4, 14.)

**II.    Standard of Review**

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. (2010), an arbitration award may be vacated only on the grounds enumerated in § 10, and may only be modified or corrected on the grounds identified in § 11. Hall Street Associates v. Mattel, 552 U.S. 575, 581-82 (2008). To vacate an arbitration award, the moving party must establish that the arbitrator engaged in fraud "partiality or corruption," or procedural misconduct prejudicing the rights of a party, or exceeded her powers. 9 U.S.C. § 10; Colon Vazquez v. El San Juan Hotel & Casino, 483 F. Supp. 2d 147, 151 (D.P.R. 2007).

4

**Civil No. 14-1622 (GAG)**

The First Circuit also recognizes a judicially-created basis for vacating an award if the award was made in "manifest disregard of the law." McCarthy v. Citigroup Global Mkts., Inc., 463 F.3d 87, 91 (1st Cir. 2006). To prevail under this theory, there must be some evidence in the record, beyond the ultimate outcome, that the arbitrator "knew the law and expressly disregarded it." Id. at 91-92 (citations omitted).

### III.    Legal Analysis

PRERAC's four challenges to the Arbitration Award all essentially allege that the arbitrator failed to properly interpret and apply the CBA. In its motion to dismiss opposing vacateur, the Union argues that the Court may not review these arguments because it cannot interfere with the arbitrator's findings of fact. (Docket No. 12 at 1.)

A federal court's review of an arbitrator's decision is "extremely narrow and exceedingly deferential." Airline Pilots Ass'n, Int'l v. Pan Am. Airways Corp., 405 F.3d 25, 30 (1st Cir. 2005) (citations omitted); United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37-38 (1987). Importantly, an arbitrator's factual or legal error does not supply a basis for vacating the award. Even if an arbitrator commits serious error, the award must be confirmed if the arbitrator arguably applied the contract and acted within the scope of his authority. E.g., Colon Vazquez v. El San Juan Hotel & Casino, 483 F. Supp. 2d at 152-53 (D.P.R. 2007) (citations omitted); Thomas Diaz, Inc. v. Colombina, S.A., 831 F. Supp. 2d 528, 537 (D.P.R. 2011) (upholding arbitration award because arbitrator's reasoning was "plausible and supported by the record, and his findings were founded on valid principles."); Advest, Inc. v. McCarthy, 914 F.2d 6, 8 (1st  Cir. 1990) (stating "even where [factual or legal error by an arbitrator] is painfully clear, courts are not authorized to reconsider the merits of arbitration awards") (citations omitted.)  Therefore, a district court cannot

5

vacate an arbitration award because it disagrees with the arbitrator's findings on the merits of the case, or because it believes that the arbitrator made a factual or legal error. Georgia-Pacific Corp. v. Local 27, United Paperworkers Intern. Union, 864 F.2d 940, 944 (1st Cir. 1988) (citing United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987)). Additionally, an arbitrator's interpretation of a CBA must be confirmed if "within the four corners of the agreement, there is any plausible basis for that interpretation." Coastal Oil of New England, Inc. v. Teamsters Local, 134 F. 3d 466, 469 (1st Cir. 1998).

Because PRERAC bases its motion for vacatur on the "manifest disregard of the law" doctrine, PRERAC must demonstrate that the award conflicts with the plain language of the CBA or that the arbitrator "recognized the applicable law, but ignored it." Union de Tronquistas de Puerto Rico, Local 901 v. United Parcel Service, Inc., 960 F. Supp. 2d 354, 358 (D.P.R. 2013) (citations omitted).[3]

At the administrative hearing, National Car Rental Area Manager Mr. Luis Linardo testified that Pabón had been employed at the company for twenty-six years when the company eliminated the bus driver position, that he was a union delegate, and that the CBA contains a super-seniority clause for delegates. (Docket No. 1-1 at 24-25.) Though PRERAC claims that the bus driver position was eliminated due to the reorganization that moved car rental facilities closer to the terminal, the arbitrator did not note the existence of such testimony at the hearing in his Award or rely on it in his opinion. Instead, the arbitrator found that none of the justified bases for

---

[3] In Hall Street Associates, LLC. V. Mattel, Inc., 552 U.S. 576, 590 (2008), the Supreme Court cast doubt on whether manifest disregard of the law is an independent ground for review or merely judicial "shorthand" for the enumerated grounds in the FAA, holding that the FAA enumerates the exclusive grounds for vacating an arbitration award. Though the circuit courts are presently split on the issue, the First Circuit has not overruled the manifest disregard doctrine. Local 901 v. United Parcel Service, 960 F. Supp. 2d at 358.

dismissal were proved at the hearing. (Docket No. 1-1 at 27.) Therefore, the arbitrator concluded the seniority clause in the CBA triggered the company's duty to demonstrate that Pabón could not perform the necessary work. (Docket No. 1-1 at 27). The arbitrator found that because the company presented no such evidence at the hearing, Pabón's dismissal was not justified. (Docket No. 1-1 at 30).

In the Arbitration Award, the arbitrator referenced the relevant provisions of the CBA. (Docket No. 1-1 at 19-24.) The arbitrator explained that at the hearing, the company failed to demonstrate that Pabón engaged in a pattern of disorderly conduct, performed his work negligently, or that he violated any rules or regulations. (Docket No. 1-1 at 26.) Neither did the company demonstrate any basis for dismissal constituting the employer's "financial reasons" under Puerto Rico Law No. 80 of May 30, 1976 ("Law 80"), P.R. LAWS ANN. Tit. 29 §§ 185a-185m. (Docket No. 1-1 at 26-27.) Interpreting the plain language of the CBA, the arbitrator explained that the super-seniority provision applied to Pabón when he was terminated, and that the Company failed to prove that he could not perform the necessary work. (Docket No. 1-1 at 27.) The arbitrator concluded the Company had a duty to "retain or rehire [Pabón] with priority for any other job in the same occupational classification" in order to give meaning to the super-seniority that the parties agreed to in the CBA. (Docket No. 1-1 at 27.) The arbitrator also stated that his interpretation of the CBA is consistent with the Revised Guidelines for the Interpretation and Application of Law No. 80. (Docket No. 1-1 at 28.)

Although PRERAC casts its grounds for vacatur as manifest disregard of the law, it is actually complaining of legal error. It challenges the arbitrator's rationale for his decision. PRERAC claims that the arbitrator disregarded testimony and misinterpreted the CBA. (Docket

7

**Civil No. 14-1622 (GAG)**

No. 1 at 4).  However, PRERAC points to nothing in the record to establish that the arbitrator deliberately disregarded what he knew to be the law when he determined that Pabón was not dismissed for good cause.  Rather, the arbitrator relied upon case law, statutory language and the plain language of the CBA, as applied to the facts as he found them, and concluded that "the disciplinary sanction is excessive and wrongful, as there is no good cause for dismissal."

In its motion to vacate the arbitration award, PRERAC relies heavily on Law 80.  (Docket No. 1 at 23-33.)  PRERAC argues that Pabón was not entitled to preferential retention because there was no vacant position filled by an employee of less seniority as *all* bus drivers had been terminated. (Docket No. 1 at 23-24.)  Additionally, PRERAC argues that position elimination is a "just cause" for termination under Law 80.  (Docket No. 1 at 28-29).  PRERAC contends that the company presented evidence of a legitimate reorganization at the arbitration hearing, which the arbitrator must have ignored in order to determine that Pabón's termination was unjustified. (Docket No. 1 at 32-33).

Law 80 identifies several circumstances in which an employee's dismissal is justified.  An employer must prove just cause for an employee's termination by demonstrating any of the following:

> (a) That the worker indulges in a pattern of improper or disorderly conduct; (b) the attitude of the employee of not performing his work in an efficient manner, or of doing it belatedly and negligently or in violation of the standards of quality of the product produced or handled by the establishment; (c) the employee's repeated violations of the reasonable rules and regulations established for the operation of the establishment provided a full written copy thereof has been opportunely furnished to the employee; (d) full, temporarily or partial closing of the operations of the establishment.  Provided, that in those cases in which the company has more than one office,

8

> factory, branch or plant, the full, temporary or partial closing of operations of any of these establishments shall constitute just cause for discharge pursuant to this section; (e) technological or reorganization changes as well as changes of style, design or the nature of the product made or handled by the establishment, and changes in the services rendered to the public; (f) reductions in employment made necessary by a reduction in the anticipated or prevailing volume of production, sales or profits at the time of the discharge.

Tit. 29 § 185b (a)-(f). When an employee is terminated due to conditions described in subsections (d), (e) and (f), Law 80 requires retention and retraining "of those employees of greater seniority on their job with preference, provided there are positions vacant or filled by employees of less seniority in the job within their occupational classification . . ." Tit. 29 § 185c.

Unfortunately, this court cannot substitute its own interpretation of Law 80 for that of the arbitrator. When the parties bound themselves to the terms of the CBA, they agreed to resolve disputes through the arbitration process, granting the arbitrator the authority to make findings of fact and evaluate the law. E.g. Ramos-Santiago v. United Parcel Serv., 524 F.3d 120, 123 (1st Cir. 2008) (stating "[w]hen parties include an arbitration clause in their collective bargaining agreement, they are choosing to forego a number of legal options in favor of having their disputes regarding the construction of that contract settled by an arbitrator. As this was the bargain the parties struck, they are bound by the arbitrator's decision.") Consequently, PRERAC cannot now attempt to avail itself of another interpretation of either the facts or the law by this court. Regardless of any error of law or fact, the court must uphold the arbitration award in the absence of a showing that the arbitrator knew the applicable law and intentionally disregarded it.

Additionally, PRERAC's contention that the Arbitration Award goes beyond the scope of its authority is unfounded. The arbitrator made clear that his award was based on the Company's

**Civil No. 14-1622 (GAG)**

violation of the super-seniority clause of the CBA, which seemed, to the arbitrator, to require Pabón's reinstatement. Contrary to PRERAC's assertion, the arbitrator's authority to issue the remedy he deemed appropriate is not limited by Law 80, which provides only for indemnity of the severance pay, because the CBA contains no such limitation.

Though PRERAC maintains that the arbitrator exceeded his authority by disregarding or modifying the CBA, review of the analysis of the Arbitration Award proves otherwise. The CBA contains language that required the arbitrator's interpretation. The arbitrator considered the language of the CBA against the backdrop of Puerto Rico law and concluded that Pabón's dismissal was not justified. Therefore, this court shall make no determination as to the correctness of the arbitration award or whether it would have reached the same conclusion, instead finding that the arbitrator reasonably construed the pertinent clauses of the CBA. See e.g., United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. at 38 (stating if the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority" the court may not overturn the arbitrator's decision.)

**IV.  Conclusion**

In sum, the Court **GRANTS** the respondent's motion to dismiss.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of October, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge